UNITED STATES BANKRUPTCY COURT ★ NORTHERN DISTRICT OF TEXAS ★

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 12, 2026**

Stacey G. C. Jernigan

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| TGI Friday's Inc., *et al.*,[1] | § | Case No. 24-80069-sgj11 |
| Debtors. | § | (Jointly Administered) |
| TGI Friday's Inc., *et al.* Plaintiff, | § | |
| v. | § | Adversary Case No. 26-08005 |
| Yadav Enterprises, Inc. and Table Turn Acquisitions, LLC, Defendants. | § | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: TGI Friday's Inc. (7117); TGI Friday's NY, LLC (2281); TGIF Holdings, LLC (7999); TGIF Midco, Inc. (7296); TGIF Parent, Inc. (1781); Burlington Towne Crossing, Inc. (7501); T G I Friday's of Greenbelt, Inc. (5617); T G I Friday's of Towson, Inc. (5450); T G I Friday's of Wisconsin, Inc. (7600); T.G.I. Friday's Marketing Advisory Council (6527); T.G.I. Friday's of Charles County, Inc. (3516); T.G.I. Friday's of Frederick County, Inc. (2547); T.G.I. Friday's of Harford County, Inc. (0072); T.G.I. Friday's of Washington County, Inc. (6174); TGI Friday's of Annapolis, Inc. (8315); TGI Friday's of Howard County, Inc. (0119); TGI Friday's of Rockville, Inc. (2004); TGI Friday's of Texas LLC (3931); TGI Friday's of the Rockies, Inc. (7885); TGIF/DFW Manager, LLC (N/A); TGIF/DFW Partner, LLC (N/A); TGIF/JDC Restaurant Development, LLC (N/A); WEBCO Products Incorporated (3014). The Debtors' service address is 19111 North Dallas Parkway, Suite 200, Dallas, TX 75287.

**AGREED FINAL JUDGMENT**
[Related to Docket No. 1]

Pursuant to the Settlement Agreement (the "Settlement Agreement") entered into by Plaintiffs, TGI Friday's Inc. ("TGIF") and its affiliated debtors and debtors in possession (each a "Debtor" and collectively, the "Plaintiffs") and Defendants Yadav Enterprises, Inc. and Table Turn Acquisitions, LLC (each a "Defendant" and collectively, the "Defendants," and together with the "Plaintiffs," the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"), the Court enters this Agreed Final Judgement as follows:

**THE COURT FINDS THAT:**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 1142 and 1143.

2. This is a core proceeding pursuant to 28 U.S.C. § 157.

3. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. Plaintiffs have brought, in the above-captioned matter,[2] claims for relief against Defendants for breach of the APA, breach of the IMA, and breach of the TSA, along with a claim for declaratory relief and a request for attorneys' fees, professional fees, and costs incurred in connection with this adversary proceeding [Adv. Docket No. 1].

5. The APA, IMA, and TSA (collectively, the "Agreements") are valid and binding contracts. The Agreements were approved and authorized by the Court pursuant to that certain Sale Order, entered by the Bankruptcy Court on January 31, 2025 [Docket No. 501].

[2] Any capitalized terms not defined herein have the meanings ascribed to them in the Complaint [Adv. Docket No. 1].

6. Pursuant to the APA, Defendants, among other things, irrevocably assumed the Assumed Liabilities—including vendor payables and IBNR Claims—and agreed to pay, perform, and discharge them when due. Pursuant to the IMA, Defendants, among other things, agreed to pay all Beverage Alcohol Expenses. Pursuant to the TSA, Defendants, among other things, agreed to pay all Service Fees, vendor invoices, and reimbursable expenses.

7. Defendants expressly waived "any rights of set-off, netting, offset, recoupment or similar rights" with respect to payments owed under the APA and any document delivered in connection therewith, including the IMA and the TSA.

8. Defendants failed to pay amounts due and owing to Plaintiff under the Agreements in the amount of $1,593,604.54, resulting in a material breach of the Agreements.

9. Plaintiffs performed all obligations required of them under the Agreements.

10. Defendants' breach of the Agreements and failure to pay the amounts due and owing to Plaintiffs have proximately caused damage to Plaintiffs, resulting in actual damages to Plaintiffs in the amount of $1,593,604.54.

11. Pursuant to the IMA, Defendants' right to use the Debtor Licensee's liquor licenses for each Restaurant expired on November 16, 2025. Plaintiff has explicitly revoked Defendants' permission to use the Debtor Licensee's liquor licenses for each Restaurant. Defendants' continued use of the Debtor Licensee's liquor licenses is a breach of the IMA.

12. Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees, professional fees, and costs from Defendants, including the costs of collection proceedings, pursuant to the IMA and the TSA.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

13. Plaintiffs are awarded the amount of $1,593,604.54 (the "Monetary Award") against Defendants.

14. Each Defendant is jointly and severally liable for the Monetary Award.

15. Defendants are enjoined from continuing to use Plaintiffs' liquor licenses for the Restaurants unless and until all outstanding obligations under the Agreements and Settlement Agreement are satisfied, or unless Plaintiffs expressly permit such use in writing.

16. Plaintiffs are awarded the reasonable and necessary attorneys' fees, professional fees, and costs incurred by Plaintiffs and the Unsecured Creditors Committee in connection with this adversary proceeding and arising from Defendants' breaches of the Agreements. Plaintiffs are permitted to move this Court for an award of fees and costs as set forth herein upon further order of the Court, and notwithstanding any deadlines contained in Federal Rule of Civil Procedure 54.

17. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order.

18. Plaintiffs shall forbear from executing on this Final Judgment for so long as Defendants fully comply with all terms of the Settlement Agreement.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # End of Order # # #**

**AGREED AS TO FORM AND SUBSTANCE:**

*<u>/s/ Holland N. O'Neil</u>*
Holland N. O'Neil (TX 14864700)
Beau A. Gould (TX 24116445)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
bgould@foley.com
zzahn@foley.com

*Counsel for Plaintiffs*

*<u>/s/ Steven M. Kries</u>*
Steven M. Kries (CA 163550)
(Admitted *Pro Hac Vice*)
Michelle E Durieux (TX 24142596)
3550 Mowry Ave., Suite 301
Fremont, CA 94538
Telephone: (619) 890-0765
steven.kries@yadavgroup.net
michelle.durieux@yadavgroup.net

Megan M. Adeyemo (TX SBN: 24099595)
Gordon Rees Scully Mansukhani, LLP
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 231-4660
Telecopier: (214) 461-4053
Email: madeyemo@grsm.com

*Counsel for Defendants*